IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RUSSELL GAITHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:14-CV-260-MTT-CHW |
| VS. | : | |
| | : | |
| NURSE PULLIN, *et al.,* | : | |
| | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## ORDER

Plaintiff **Russell Gaither** filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. On September 21, 2014, this Court dismissed the complaint without prejudice. (ECF No. 7.) Judgment was entered the following day. (ECF No. 8.) Plaintiff filed a Notice of Appeal, as well as a Motion to Proceed *In Forma Pauperis* on Appeal and a Motion for Appointment of Counsel. (ECF Nos. 9, 10.)

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3) (stating that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis . . . unless . . . the district court . . . certifies that the appeal is not taken in good faith.") Here, Plaintiff's case was dismissed because he failed to state a claim upon which relief could be granted. In the Court's best judgment, an appeal from the Court's Order dismissing Plaintiff's case cannot be taken in good faith. Plaintiff's motion to proceed *in forma pauperis* on appeal is accordingly **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505.00 appellate filing fee. Because Plaintiff has stated that he cannot pay the filing fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is incarcerated shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account until the $505.00 appellate filing fee has been paid in full. Twenty percent of any deposits into the prisoner's account shall be withheld by the prison account custodian who, on a monthly basis, shall forward the amount withheld from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the total filing fee of $505.00 has been paid. Checks should be made payable to "Clerk, U.S. District Court."

As to Plaintiff's Motion for Appointment of Counsel, under 28 U.S.C. §1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a civil case. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). Plaintiff set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. No

exceptional circumstances exist to justify appointment of counsel.  Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 10) is **DENIED**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the custodian of the prison in which Plaintiff is presently incarcerated.  Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Federal Rules of Appellate Procedure Rule 24.

**SO ORDERED** this 1st day of December, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lws