IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RUSSELL GAITHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-260 (MTT) |
| ) | |
| **Nurse PULLIN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

The Plaintiff has moved to amend his amended complaint and moved for the appointment of counsel. (Docs. 13;17). The Court entered an order dismissing all claims against the Defendants on August 21, 2014, and then entered a judgment dismissing the case on August 22, 2014. (Docs. 6; 7). The Plaintiff thereafter filed a notice of appeal. (Doc. 9). During the pendency of the appeal, the Plaintiff filed his motion to amend and motion to appoint counsel.[1] (Docs. 13; 17). The motion to amend simply states that the Plaintiff wants to add a party and that "the Court should not deny (one) chance to amend and maybe more … to fix what the Court thinks is wrong with the complaint." In the remainder of the motion, the Plaintiff states that Judge Weigle has a "conflict[] of interest" and is "prejudicial" and "racial."

"Rule 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant." *United States ex. rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006). After judgment has been entered, "the

---

[1] Also during the pendency of the appeal, the Plaintiff filed a motion to appoint counsel and a motion for leave to appeal in forma pauperis, which the Court denied. (Docs. 10; 15).

plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *Id.* Because the Plaintiff has moved to amend his complaint before he has been granted relief from the judgment pursuant to a proper post-judgment motion, the Plaintiff's motion to amend his amended complaint is **DENIED**.  (Doc. 13).  To the extent the motion to amend can be construed as a motion seeking relief from the judgment, that motion is **DENIED**.  The Plaintiff has not provided a reason that would warrant relief from the judgment, such as an intervening change in the law, newly discovered evidence, clear error of law by the Court, or any other reason that justifies relief.[2]  *See* M.D. Ga. L.R. 7.6; Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b); *see also Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.).  To the extent the Plaintiff's motion to amend can also be construed as a motion for Judge Weigle to recuse himself, it is **DENIED** as moot.  The motion to appoint counsel is also **DENIED** as moot.  (Doc. 17).

    **SO ORDERED**, this 5th day of August, 2015.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[2] The Court also notes that the Plaintiff filed his motion to amend on November 3, 2014, which is months after the judgment was entered on August 22, 2014.  Pursuant to Local Rule 7.6, a party has 28 days after the entry of judgment to file a motion for reconsideration.  Rule 59(e) also allows a party 28 days to move to alter or amend a judgment.  Accordingly, even if the motion to amend is construed as a motion for reconsideration or a motion to pursuant to Rule 59(e), that motion would be untimely.